**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARY SUE LEISLER,**

        **Plaintiff,**

v.                                                               **Case No:   6:15-cv-169-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Mary Sue Leisler (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the opinion of Dr. Karen Marrero, M.D., a consultative examining physician. Doc. No. 19 at 9-12; R. 334-37. More specifically, Claimant argues that the ALJ erred by failing to state with particularity the weight given and the reasons therefor as to a portion of Dr. Marrero's opinion, which found Claimant is limited to performing work-related mental activities for two-thirds of an eight-hour workday. Doc. No. 19 at 9-12; R. 337.[1] For the reasons that follow, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

---

[1] Claimant also argues that the ALJ erred by failing to make any particularized findings with respect to Claimant's allegations of experiencing side-effects from medication. Doc. No. 19 at 15-17.

## I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.    ANALYSIS.

At the center of this dispute is the ALJ's handling of the medical opinion evidence from Dr. Marrero, M.D. of Brightside Psychology & Internal Medicine, who performed a consultative examination on behalf of the Commissioner. Doc. No. 19 at 9-15; R. 334-40 (Dr. Marrero's opinion). As set forth above, Claimant argues that the ALJ failed to apply the correct legal standard to a portion of Dr. Marrero's opinion because the ALJ failed to state with particularity the weight given and the reasons therefor to Dr. Marrero's opinion that Claimant is limited to performing work-related mental activities up to two-thirds of the workday. Doc. No. 19 at 9-12. The Commissioner argues that the ALJ did not err because "Dr. Marrero is not a mental health professional" and because other evidence in record, relied upon by the ALJ, supports a finding that

Claimant is not so limited. Doc. No. 19 at 12-15. For the reasons that follow, the Commissioner's argument is rejected.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[2] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). Based on the foregoing, an ALJ may not "implicitly discount" or ignore any medical opinion, but is required to state with particularity the weight given to it and the reasons therefor. *See Winschel*, 631 F.3d at 1179-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Social*

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Sec. Admin.*, -- F. App'x --, 2015 WL 5166045 at *2 (11th Cir. Sept. 4, 2015) (unpublished) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

In this case, Dr. Marrero reviewed medical records, conducted physical and mental status examinations (R. 334-37), and offered the following medical opinion:

> Claimant expected to bend, stand, and walk two-thirds of the time with frequent breaks. Otherwise, able to carry, handle objects, hear, speak, write, and travel with regular breaks. <u>Work-related mental activities expected to be performed 2/3 of the time</u>.

R. 337 (emphasis added). Thus, Dr. Marrero opined that Claimant could perform work-related mental activities for only two-thirds of the time. R. 337. At the hearing before the ALJ, the Vocational Expert testified that an individual who could not perform the mental demands of work for one-third of the time during a workday could not perform the mental demands of work. R. 57.

In the decision, the ALJ stated the following with respect to Dr. Marrero's opinion:

> The [ALJ] accords significant weight to the consulting physician Dr. Karen Marrero results [sic] it is much as it would not preclude the performance of light work on a sustained basis. During that examination, the claimant had only decreased range of motion of the cervical spine and lumbar extension. Otherwise, full range of motion in all major joints. There were no significant limitations in muscle strength, no motor or sensory deficits, no problems with grip strength, ambulation without an assistive device, normal gait and she demonstrated the physical capacity for activities consistent with a range of light work.

R. 28. Thus, the ALJ did not address nor state with particularity the weight given or the reasons therefor to Dr. Marrero's opinion regarding Claimant's limitation in performing the mental demands of work-related activities. *Compare* R. 337 *with* R. 28. In the absence of the same, it is impossible for this Court to determine whether the final decision is supported by substantial evidence. *See Winschel*, 631 F.3d at 1179.

Moreover, the ALJ's failure to comply with *Winschel* is not a harmless error. At step-two of the sequential evaluation process, the ALJ found that Claimant has a combination of severe physical and mental impairments. R. 23. The ALJ's residual functional capacity assessment (the "RFC") is for a reduced range of light work, which limits Claimant to performing simple, routine tasks. R. 25. At step-five, based on the testimony of the Vocational Expert, the ALJ found that Claimant retains the RFC to perform work as a cashier, ticket seller, and ticket taker. R. 30. However, as set forth above, the Vocational Expert also testified that an individual who is precluded from performing the mental demands of work-related activities for one-third of the day could not perform any of those jobs. R. 57. As such, Dr. Marrero's opinion, which limits Claimant to performing the mental demands of work for only two-thirds of the workday is more restrictive than that ALJ's RFC. R. 337. Without stating with particularity the weight given and the reasons therefor to the portion of Dr. Marrero's opinion addressing Claimant's mental limitations, the Court is unable to determine whether the ALJ even considered that aspect of her opinion. Thus, the Court finds that the ALJ's error is not harmless. Accordingly, the case must be reversed and remanded for further proceedings.[3]

## IV.   CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

---

[3] The ALJ's error with respect to Dr. Marrero's opinion is dispositive of this case. *See supra* pp. 3-6. Therefore, it is unnecessary to address Claimant's remaining argument that the ALJ also erred with respect to Claimant's allegations of side-effects from medications. Doc. No. 19 at 15-17. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Social Sec. Admin.*, -- F. App'x --, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (unpublished) (no need to analyze other issues when case must be reversed due to other dispositive errors).

2. The Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on April 18, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies to:

The Honorable Janet Mahon
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda, Drive
Suite 300
Orlando, FL 32817-9801